# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WINNIFRED WHENHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV419-209 |
| ) | |
| SUPERIOR COURT CHATHAM ) | |
| COUNTY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Winnifred Whenhall has filed a second petition for a writ of habeas corpus on this Court's 28 U.S.C. § 2241 form petition.[1] Doc. 1. She asks for a dismissal of the case against her or release for the purpose of preparing for trial. Doc. 1 at 7. Whenhall argues that she needs to hire professional counsel due to issues with her appointed attorney's familiarity with her file. *Id.*

Whenhall has been down this road before. In March of this year, this Court denied a similar 28 U.S.C. § 2241 petition for failure to exhaust

---

[1] *See Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir.1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

administrative remedies. *See Whenhall v. Heap, et al.*, Case No. 419-040 (Docs. 3 & 4). In this newest petition, she is—again—prematurely challenging the validity of her sentence and asking the Court to interfere in her ongoing criminal prosecution to do so. But § 2241 petitions must demonstrate exhaustion of state remedies, even those filed by pretrial detainees. *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Prior to seeking redress in this Court, Whenhall must exhaust her "state remedies by petitioning the highest court in the state in which [s]he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th

Cir.2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id*. But Whenhall has not alleged, and there is nothing in the record to suggest, that she filed a state habeas petition challenging her pre-trial detention.

Because this Court lacks the authority under § 2241 to review the constitutionality of Whenhall's confinement prior to the exhaustion of her state-court remedies, her petition should be **DISMISSED WITHOUT PREJUDICE**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of August, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA